# Miller *v.* Pittsburgh Coal Company, Appellant.

*Workmen's compensation—Payments—Release—Mistaken facts —Serious consequences of accident—Opening of award.*

Where the court of common pleas dismisses an appeal from an award of Workmen's Compensation Board it should enter judgment for the total amount stated by the award or order to be payable, whether then due and accrued or payable in future installments, in accordance with section 427 of the Act of June 26, 1919, P. L. 642.

The Workmen's Compensation Board has authority to set aside a final receipt and modify an agreement so as to provide for the loss of an eye, when at the time that a release had been executed by the plaintiff, the accident was thought to be trivial. In such case the provisions of section 315 of the Act of June 2, 1915, P. L. 736, providing that "where payments of compensation have been made in any case" the limitations of the right to claim compensation shall not take effect until the expiration of one year from the time of the making of the last payment, do not apply.

Argued April 25, 1921. Appeal, No. 146, April T., 1921, by defendant, from judgment of C. P. Allegheny County, July T., 1920, No. 2032, affirming decision of Workmen's Compensation Board, setting aside a final receipt in the case of Tony Miller v. Pittsburgh Coal Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from order of Workmen's Compensation Board setting aside final receipt.   Before KLINE, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the decision of the board.   Defendant appealed.

*Error assigned* was the order of the court.

*George T. Emery, Jr.,* and with him *Don Rose,* for appellant.—The plaintiff is barred from recovery under his petition filed for review of compensation agreement by section 315 of the Workmen's Compensation Act of 1915: Schuey v. Kittanning Boro., 72 Pa. Superior Ct. 582; Hewitt v. Ballard Knitting Company, 6 Dept. Rep. 894; Dowling v. Hurwitz, 6 Dept. Rep. 1087; Catlin v. Pickett & Company, 262 Pa. 351; Paolis v. Tower Hill, etc., Co., 265 Pa. 291; State Hospital v. Lehigh Valley Coal Co., 267 Pa. 474; Kuca v. Lehigh Valley Coal Company, 268 Pa. 163.

*F. A. Ammon,* for appellee.

OPINION BY KELLER, J., July 14, 1921:

The claimant, Tony Miller, received an accidental injury to his left eye on January 22, 1917, while in the course of his employment with the defendant company. A compensation agreement was entered into by the parties on April 6, 1917, and approved by the Workmen's Compensation Board, and on April 14, 1917, final payment was made thereunder, both parties being under the impression that the injury was trivial and the disability had terminated.   On April 22, 1920, claimant filed a petition with the Workmen's Compensation Board asking that the compensation agreement be modified by reason of the fact that the said injury had resulted in the loss of his eye.   At the hearing upon said petition defendant's physician frankly admitted the practical loss

of vision of claimant's eye and that it was the result of the injury received as above. The board set aside the final receipt and modified the agreement so as to provide compensation for the loss of the use of the eye, and the court of common pleas on reargument dismissed the appeal.

The defense raised is that the claim is barred by the limitation imposed by section 315 of the Workmen's Compensation Act of 1915, because the petition for review was filed more than a year after the last payment of compensation.

As this defense attacks the right of the claimant to recover and not merely the mode of procedure the legal question thus raised must be decided according to the rights of the parties as fixed by the Act of June 2, 1915, P. L. 736, rather than its amendment of June 26, 1919, P. L. 642. Section 315 of that act provides as follows: "In all cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article; or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof. In cases of death all claims for compensation shall be forever barred, unless, within one year after the death, the parties shall have agreed upon the compensation under this article; or unless, within one year after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment." The appellant contends that by reason of the use of the words "in any case" in the last sentence of this section, the limitations therein referred to apply to a petition for a review following payments made under an agreement of compensation entered into by the parties and approved by the board, and are not confined

to the cases specified in the preceding sentences of the section, namely, where the parties have not agreed upon compensation or a petition has not been filed within one year after the accident to or death of the employee; the claimant, on the other hand, contends that the last sentence has no reference to payments made under a formal compensation agreement, which he claims may be reviewed or modified at any time under sections 423 and 426 of said act, but that it refers solely to voluntary payments of compensation made in the absence of an agreement or petition under the provisions of the Workmen's Compensation Act.

Practically the same question was before the Supreme Court in the recent case of Hughes v. American International Shipbuilding Corporation, 270 Pa. 27, and was decided adversely to the position of the appellant. In that case, as here, the employee suffered an injury which was thought to be trivial. A compensation agreement was entered into, approved by the board, and payments made under it as therein provided. A year and eight months after the last payment had been made under said agreement the employee presented a petition asking for a review and modification of the agreement on the ground that the injury had resulted in the loss of his hand and at the hearing held pursuant thereto his claim was substantiated by evidence. The Supreme Court held that the limitation of one year after the time of making the last payment did not apply to cases where payments had been made under an agreement or award made in pursuance of the provisions of the act, but that it was limited to the cases mentioned in the earlier part of the section, namely, where the parties had not agreed upon compensation payable under the act or a petition had not been filed as provided in the act. In other words, that the last sentence of the section is construed to read: "Where, however, payments of compensation have been made in any case before either a formal agreement is entered into or a petition filed, said limitations of the

right to claim compensation (not of the right of review) shall not take effect until the expiration of one year from the time of the making of the last payment."

We are of the opinion that there is no substantial distinction between the Hughes case and this one and that the ruling of the Supreme Court in that case governs here.

Under the Act of June 26, 1919, supra, the procedure under the Workmen's Compensation Act has been changed in some respects. As to such matters of procedure the Act of 1919 applies to actions already instituted: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163. The court below, therefore, in dismissing the defendant's appeal should have followed the directions of section 427 of the amended act, and "entered judgment for the total amount stated by the award or order to be payable whether then due and accrued or payable in future installments."

The appeal is accordingly dismissed at the costs of the appellant and the record remitted to the court below that judgment may be entered in accordance with the provisions of section 427 of the Act of June 26, 1919, P. L. 642, and, as so entered, the judgment is affirmed.