# Gibb *v.* New Field By-Products Coal Co. (et al., Appellant).

*Workmen's compensation — Evidence — Opinion of medical experts.*

An award for claimant in a workmen's compensation proceeding will be sustained where the medical expert states that in his professional opinion the claimant's condition followed from the accident in which claimant was injured, and resulted from the cause alleged.

Argued September 30, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 73, March T., 1926, by defendant's insurance carrier, from judgment of C. P. Allegheny Co., Jan.

T., 1926, No. 215, sustaining award of Workmen's Compensation Board, in case of Dougald Gibb v. New Field By-Products Coal Co., and Ætna Life Ins. Co., Intervening Defendant and Insurance Carrier. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before FORD, J.

The opinion of the Supreme Court states the facts.

Award sustained. Defendant insurance company appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*John M. Reed,* of *Reed & Blair,* for appellants.

*D. K. Ferree,* for appellee.

PER CURIAM, November 22, 1926:

Plaintiff received an award from the workmen's compensation authorities, which was sustained by the court below, and the insurance carrier of defendant has appealed.

The referee found that an injury sustained by plaintiff on December 22, 1923, while in the performance of his duties as an employee of defendant, was the reason for "the lighting up of an old latent tuberculosis, causing it to reactivate and develop"; and that this "resulted in the total disability which has ensued." Appellant contends that plaintiff failed to produce evidence sufficient in law to uphold the conclusion that the complaint from which he suffers and the disabled condition ensuing therefrom are the result of the injury alleged; but we cannot sustain this contention.

In Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 206, we recently said that, in this class of cases, an expert witness called by plaintiff "would have to testify, not that the condition of claimant might have, or even prob-

ably did, come from the accident, but that, in his professional opinion, the result in question came from the cause alleged." It is sufficient to say, an examination of the record in the present case shows that the testimony, given by one, if not more, of plaintiff's expert witnesses, measures up to the required standard.

The judgment is affirmed.