## Rushonosky, Appellant, *v.* Lehigh Valley Coal Co.

*Workmen's compensation—Disease as result of accident—Death —Opinion of expert.*

Compensation cannot be recovered for the death of a workman from tuberculosis of the lungs occurring three and one-half years after an accident, where the only medical expert called does not say unequivocally that in his opinion the death was the result of the accident.

Argued April 9, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 151, Jan. T., 1928, by plaintiff, from judgment of C. P. Schuylkill Co., Sept. T., 1927, No. 555, affirming decision of Workmen's Compensation Board disallowing claim, in case of Mary Rushonosky v. Lehigh Valley Coal Co. Affirmed.

Appeal from decision of Workmen's Compensation Board disallowing claim. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Roger J. Dever,* for appellant.

*Daniel W. Kaercher,* for appellee, was not heard.

PER CURIAM, May 7, 1928:

Plaintiff's deceased husband was accidentally injured on August 16, 1923, in the course of his employment; he died January 8, 1927, of pulmonary tuberculosis, and his widow claimed the death was due to the accident which had occurred almost three and one-half years before. The referee found in her favor; but, on appeal, the compensation board reversed this finding on the ground that the medical testimony offered by claimant was not sufficient to show that the death was due to injuries sustained at the time of the accident. Claimant appealed to the court below, which sustained the decision of the board and entered judgment for defendant; this appeal followed.

The only doctor called in the case testified he treated the deceased shortly before his death. The accident of August, 1923, and other facts in the case were stated to this witness, and he was asked whether the injury suffered at that time was "a contributory cause of this man's death." He replied, "Could be." When asked to give his best judgment as to whether it was the cause, he replied, "Very probably was." Then this question was put, "Would you say it most probably was?" To which he replied, "Yes"; and in answer to the question, "In other words, the chest injuries lighted up the smoldering tuberculosis in the chest region?" said, "Yes, it could do it." The witness stated further that he had seen the injured man two or three years before his death, when he knew nothing about the accident, and found no evidence of any injury at that time; that he then treated his patient "for a complaint of purely nat-

ural causes." In this connection, he was asked on cross-examination, "Was the man's condition, as you found' it, two years after this accident in 1923, a condition that; might have been caused by purely natural causes?" and! replied, "Yes, sir." Finally, the witness came down to' the following statement, as to the injury of 1923 caus-ing the death in 1927, "I couldn't say it probably did, but......in this particular case I rather suspect the injury had been the cause."

Taking the testimony as a whole, it does not measure up to the standard required by our decisions. In Gibb v. New Field, etc., Co., 287 Pa. 300, 301, we recently said: "In this class of cases, an expert witness called by plaintiff would have to testify, not that the condition of [the injured person] might have, or even probably did, come from the accident, but that, in his professional opinion, the result in question came from the cause alleged," though, as stated in Johnston v. Payne-Yost Con. Co., 292 Pa. 509, such testimony need not be given in any particular words.

The judgment of the court below is affirmed.