## Shuler *v.* Midvalley Coal Co., Appellant.

504

Argued December 4, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Geo. M. Roads,* for appellant.—Under all the evidence in the case appellee did not meet the burden of proof cast upon him: Conway v. Iron Works, 232 Pa. 358; Johnston v. Payne-Yost C. Co., 292 Pa. 509.

The doctor's opinion is ineffectual to connect appellee's injury with his disability: **Morgan v. C. & I. Co.,**

273 Pa. 255; McCoy v. Steel Co., 275 Pa. 422; McCrosson v. Transit Co., 283 Pa. 492; Anderson v. Baxter, 285 Pa. 443; Potter v. Claar, 289 Pa. 418; Gibb v. New Field, etc., Co., 287 Pa. 300; Rushonosky v. Coal Co., 293 Pa. 150.

*Roger J. Dever,* for appellee.—If in the record there is found competent evidence to sustain the referee and board the court is bound thereby: Kuca v. Coal Co., 268 Pa. 163; Zelazny v. Coal Mining Co., 275 Pa. 397, 399; Roach v. Lever Co., 274 Pa. 139, 141; Watkins v. Coal Co., 278 Pa. 463, 465; Whittle v. Chemical Co., 266 Pa. 356; Watson v. Nav. Co., 273 Pa. 251.

OPINION BY MR. JUSTICE KEPHART, January 7, 1929:

If the order of the compensation board to vacate the final agreement and reinstate the order of compensation is sustained in this case, then an employer will have no reliable means of knowing when his compensation obligations are at an end.

Appellee was injured on the 5th of August, 1921, and nearly six years afterwards the compensation board vacated the final agreement and settlement, and directed the employer to resume payment of compensation thereunder and to continue the same within the limitation of the act. It is not to be supposed that a final agreement and settlement cannot be vacated in proper cases, but the reason for the opening sentence of this opinion is the character of the testimony on which this final agreement was annulled.

The claimant was injured by being squeezed between two mine cars. In the claim filed and signed by him, he stated that the injury resulted in contusions on his back and shoulders. He was immediately treated and no claim was made for specific injuries to any other part of the body. His compensation was then fixed at $12 per week and he received a total compensation of $62 up to September 19, 1921. At that time he executed a final

receipt. He returned to work within twenty days from the time he was injured, and worked for four consecutive years. Ceasing this work he engaged in business, conducting a small candy store for two years.

From 1921 to 1927 he made no complaint to the employer concerning the injury, nor any claim for compensation on account of it, though he had other minor claims settled. When his petition to review the final agreement was filed, February 8, 1927, it was stated therein that about two years prior thereto his "injury re-occurred" to the extent that he was then permanently and totally disabled. This was the first intimation given the employer that the employee claimed for further disability from the injury of 1921. While this circumstance would not alone be a determining factor, yet, it, with other attending matters, becomes very important when considering the evidence in support of a petition to review and set aside a final receipt.

Such receipt for compensation may be set aside if it appears the condition of the claimant has changed to a disability directly traceable to the original injury as an aggravation thereof: Miller v. Pittsburgh Coal Co., 77 Pa. Superior Ct. 51; Sarnis v. Phila. & Reading Coal & Iron Co., 80 Pa. Superior Ct. 228; Watson v. Lehigh Coal & Navigation Co., 273 Pa. 251. But an order vacating a final receipt and reinstating compensation must be based on sufficient evidence; if it is so based this court will not disturb it: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165; Roach v. Oswald Lever Co., 274 Pa. 139, 141; Zelazny v. Seneca Coal Mining Co., 275 Pa. 397, 399; Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 465.

The burden of proof is on claimant to establish his right to have a final agreement set aside by evidence reasonably satisfactory that a mistake in fact had been made. The evidence must be more than a scintilla: Conway v. Philadelphia Hardware and Malleable Iron Works, 232 Pa. 358; Johnston v. Payne-Yost Construc-

tion Co., 292 Pa. 509. While courts have been very generous as to the rules of evidence to establish causation when initial compensation depended on it, yet when that compensation has been paid and a final receipt given, the evidence to overthrow the latter must be of a more definite nature. While the quantity and quality of the evidence necessary to set aside a final receipt in a compensation agreement may not be analogous to that required in other writings, it must be such as to make it certain to the trier of the fact that the mistake existed; and, where the reason to set aside is the recurrence of a prior injury, particularly one which has happened many years before, and it depends on the opinion of experts, the causal relation must be shown by testimony as direct and positive as expert and professional testimony can make it; the evidence in this case falls far short of that.

The theory of the claimant was that he had anchylosis of the hip, superinduced by the accident of 1921. He had been treated for lumbago or muscular rheumatism prior to his injury, and for the latter he was treated a brief time after the injury. About ten months after the accident, he called on the physician in relation to his hip; he then thought his trouble was rheumatism, and the doctor diagnosed it as such. According to his statement, he had no pain in his hip for six or eight months after the injury of 1921.

The sole evidence relied on to sustain claimant's right to have the agreement set aside is his own history of the case, with the medical testimony based on that history. It is apparent at once that, unless great care is maintained in the acceptance of such proof, employers are easily at the mercy of designing employees; it will become quite easy to fabricate testimony to support a recovery, and its contradiction is almost impossible. There was not a scintilla of medical evidence that during a period of at least five years the claimant had ever attempted to secure medical attention. And it was not

until February 11, 1927, after his petition for review had been presented, that he appeared before a doctor and had an X-ray made of his leg. The doctor who made the X-ray testified that he believed the injury was responsible for the hip condition. On cross-examination he based his testimony solely on the claimant's story and his deduction from the X-ray based on that story. He admitted that the hip condition could come from infection, but the condition could more probably be caused by the injury. He said that claimant "gave history of extensive and severe injury of the hip." There was no evidence on the part of the claimant that he had an extensive and severe injury to his hip; his signed application showed that he had injuries about his back and shoulders. Moreover the facts show otherwise. He went to work in twenty days, and worked for four consecutive years. The doctor said that if the patient had been quiet for six or eight months after the accident he might not have experienced pain, but this claimant worked,— he was not quiet.

Again, when Dr. Barr testified from the history of the case, it appeared the claimant had concealed a part of the story. He neglected to tell the doctor that he had been treated for lumbago or muscular rheumatism before the accident. And, finally, the doctor's testimony was too equivocal on which to base such a drastic order as that made by the compensation board. On cross-examination he said: "If it is true he had a severe injury to his hip," and in answer to a hypothetical question: "I believe it was." It is scarcely necessary to cite authorities to show that equivocating testimony cannot be used as the basis of an award of initial compensation, and for a very much stronger reason should it not be permitted where the effort is to set aside a final receipt because of a recurrence of an injury. On the former we cite Mudano v. Phila. Rapid Transit Co., 289 Pa. 51, 60; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 205, 206; Morgan v. P. & R. C. & I. Co., 273 Pa. 255; McCoy v. J.

& L. Steel Co., 275 Pa. 422; McCrosson v. P. R. T. Co., 283 Pa. 492; Anderson v. Baxter, 285 Pa. 443, 447; Gibb v. New Field, etc., Co., 287 Pa. 300, 301; Johnston v. Payne-Yost Co., 292 Pa. 509; Rushonosky v. Lehigh Valley Co., 293 Pa. 150.

The evidence did not meet the standard required to set aside a final receipt. While the finding of the compensation board, based on evidence, is binding on us, yet, if facts are found without proof, or the evidence to sustain the facts is based on an erroneous belief as to the existence of a fact, and the finding is material, the appellate court will reverse: McConville v. Ingham, 268 Pa. 507. Here the hypothetical question did not consider all the elements entering defendant's case, the history of the case was not complete and the main evidence as to causation was based on a fact that was not in existence.

We take this occasion to say that situations should not be encouraged whereby opportunities to fabricate evidence may be indulged in. Scrutinizing care should be exercised, applications should not be sustained where causation appears by probability alone, and a revoking order should be supported by proof that leaves no doubt in the mind of the determining body that causation exists as required by the rule announced above.

The Act of 1919, section 427, P. L. 665, 666, states, "Any party may appeal from *any* action of the board." The party taking the appeal shall......specify the findings of fact,......which he alleges to be unsupported by competent evidence," and, ."if such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, *the court shall remit the record* to the board for further hearing and determination." In Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165-6, and in the Vorbnoff Case, 286 Pa. 199, 209-10, we held that when a finding is reversed because of the incompetence of evidence relied on to sustain it, the record had to be returned to give the

claimant a second chance to put in competent evidence. This is done accordingly.

The order of the court below and of the compensation board are reversed, and the cause remitted; costs to be paid by the appellee.