## Dopkin *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

Argued February 11, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

72

*George Ellis*, with him *B. D. Troutman* and *John F. Whalen*, for appellant.—The required standard of expert testimony was not met: Mauchline v. Ins. Fund, 279 Pa. 524; Vorbnoff v. Machine Co., 286 Pa. 199; Rushonosky v. Coal Co., 293 Pa. 150; Gausman v. Pearson Co., 284 Pa. 348.

*Roger J. Dever*, for appellee.—The evidence was sufficient to sustain the claim: Farran v. Publishing Co., 276 Pa. 553; Davis v. Director General, 80 Pa. Superior Ct. 317.

PER CURIAM, March 18, 1929:

On August 25, 1927, plaintiff's husband, Simon Dopkin, when fifty-four years of age, met with an accident while in the employ of defendant company, causing a hip injury, which resulted in arthritis, or "inflammation of the hip joint." After treatment at his home, he was admitted to a hospital on October 20, 1927, where he died of pneumonia on November 26, 1927. The death certificate stated that "arthritis" was a "contributory cause" to his demise. The surgeon-in-chief of the hospital in question, who attended Dopkin and who gave the death certificate, testified that there was nothing in the institution "that would give him pneumonia," adding, "other than this injury and arthritis." He said that his patient "failed dreadfully while in bed," and that this rendered him "susceptible to pneumonia"; finally, that, in his opinion, the injury suffered by Dopkin at the time of the accident was "a contributory cause" to his death.

A doctor called by defendant said he did not "think" the injury had anything to do with Dopkin's death, because, in this witness's opinion, "the pneumonia...... was caused by a pneumococcus, and the arthritis was just an inflammation of the joint"; but, on cross-examination, he stated that the pneumococcus might have affected the joint, and, in answer to the question, "You don't know what germ affected the joint?" he replied, "No."

On this state of the evidence, it was for the compensation authorities to decide the facts; and the referee found that Dopkin's death was "contributed to by the injury that he sustained while in the employ of defendant." This finding was approved by the board, and, on appeal, by the court below.

In Kelly v. Watson Coal Co., 272 Pa. 39, 41-2, the compensation authorities found that "the injuries sustained by the decedent......so lowered his vital resistance that a tubercular condition quickly developed, hastening and causing his death." We there said that the medical testimony showed the accident to have been "a contributory cause of the development of the tuberculosis which resulted in his, Kelly's, death," and that, "under our cases, this was sufficient to warrant and sustain the award," citing authorities. Again, in Farran v. Curtis Pub. Co., 276 Pa. 553, 556, this court said that where the testimony of the medical expert is "sufficiently exact to satisfy the mind of the referee or board that the accident......contributed to claimant's condition," ordinarily we would not interfere with the finding made by the compensation authorities. Of course, in this class of cases, it is necessary for the medical experts relied on by the claimant to testify not only that, in their professional opinion, the condition caused by the accident might have contributed to the death of the injured person, but further, that it did so contribute, though "such testimony need not be given in any par-

74

ticular words": Johnston v. Payne-Yost C. Co., 292 Pa. 509, 515; Rushonosky v. Lehigh Valley Coal Co., 293 Pa. 150, 152.

The judgment is affirmed.