Bukovac v. Eastern Coke Company, Appellant.

Argued April 17, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*R. M. Steffler*, and with him *D. S. Robinson*, for appellant, cited: Tony deJoseph v. Standard Steel Car Company, 99 Pa. Superior Ct. 497; Zavatskie v. The Phila. & Reading Coal and Iron Co., 103 Pa. Superior Ct. 598; Kiefer v. Phila. & Reading Coal & Iron Co., 102 Pa. Superior Ct. 235.

*E. D. Brown,* for appellee, cited: Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94.

OPINION BY STADTFELD, J., July 14, 1933:

This is an appeal by defendant company from the order of the common pleas court of Fayette County, dismissing exceptions to the findings, conclusion of law and order of the Workmen's Compensation Board.

On January 30, 1928, plaintiff, appellee, a coal miner or loader, was injured on his back while in the course of his employment, by the fall of coal and slate. His injuries consisted of a fracture of the second and third transverse processes on the left side and of the third transverse process on the right side.

A compensation agreement was entered into on February 23, 1928, providing for the payment of $15 per week, upon a total disability basis, which agreement was approved by the Compensation Board. On January 22, 1929, the defendant filed a petition to terminate, alleging that the plaintiff employee was able to return to work on November 8, 1928 but had refused such work, and therefore it requested that the agreement be terminated as of said date. On March 22, 1929, the referee to whom the matter was referred, after taking of testimony, made an order directing that compensation continue as originally provided, from November 8, 1928 until March 15, 1929, and one-half compensation from this latter date until April 15, 1929, at which time compensation was to cease. Defendant company paid the compensation as directed, and on April 15, 1929, claimant executed a final receipt.

On December 10, 1930 being more than a year after the final receipt was signed, claimant filed a petition to reinstate the compensation agreement. To this petition the defendant pleaded the statute of limitations which was overruled by the referee, and the case heard on its merits, and thereupon the petition to

reinstate was dismissed. On appeal to the Workmen's Compensation Board, the findings of fact and conclusions of law of the referee were reversed, and the original compensation agreement was reinstated. From this an appeal was taken to the court of common pleas which sustained the Workmen's Compensation Board and dismissed the appeal. From that order this appeal was taken by defendant company.

The petition for reinstatement averred that subsequent to April 15, 1929, the date of termination of the compensation agreement, there was a *recurrence* of his disability arising out of his said injury, and existing as of the date of said injury, thereby permanently disabling him.

Section 434 of the Act of 1919, P. L. 642, 669, provides as follows: "A final receipt given by an employee or defendant entitled to compensation under a compensation agreement or award, reciting that the disability or dependency has terminated, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, that the board, or a referee designated by the board, may at any time, set aside a final receipt, upon petition filed with the board, if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or fact."

The burden of proof is on claimant to establish his right to have a final agreement set aside by evidence reasonably satisfactory that a mistake in fact had been made. The evidence must be more than a scintilla. Shuler v. Midvalley Coal Co., 296 Pa. 503.

The petition for reinstatement does not aver that there was any fraud, coercion or improper conduct, or that there was any mistake of fact or of law in the execution and delivery of the final receipt, and a careful examination of the testimony would not support a finding that there was such mistake.

Claimant testified, in answer to a question by the referee, as follows: "Q. You knew when your compensation stopped, it stopped in April, 1929, you knew that your compensation stopped? A. Yes." ...... "No —Mr. Unkovich (claimant's counsel) told me that my case was over. He said to go home and go to work and try to load one car the first day and two the second, and if I could not load any coal to come back and he would apply for compensation." His own counsel, called by defendant, testified that at the time of giving the checks to claimant he explained to him that the agreement was terminated as of April 15, 1929, and "that there would be no further compensation except if he returned to work and proves that his earning power has diminished, he has time, a year, from the last payment of compensation to file a petition with the referee or with the Compensation Board and try to prove the diminishing power if any."

Claimant would therefore not be entitled to relief under Sec. 434, supra, by reason of the effect to be given to said receipt. Nevertheless, the lower court, in an opinion by HUDSON, P. J., disposed of the case, in overruling the exceptions to the findings and conclusions of the Workmen's Compensation Board, on the theory that there was a mistake of fact in the execution of said receipt.

On the other hand it is clear that the petition was based on an alleged *recurrence* of the disability from which claimant claimed to be suffering as a result of the injuries sustained at the time of the accident on January 30, 1928, and the compensation authorities so treated it. The question therefore presents itself as to whether claimant was entitled to relief under either the first or second paragraphs of Section 413 of the Act of June 26, 1919, P. L. 642, 661, as amended by the Act of 1927, April 13, P. L. 186.

In Zupicich v. Phila. & Reading Coal & Iron Co.,

108 Pa. Superior Ct. 165, 164 A. 731, KELLER, J., speaking for this court, reviewed all the applicable authorities and held that the first paragraph of Section 413 provides only for the review, modification or setting aside of an agreement *in existence* at the time the petition is filed, and that the second paragraph relates not only to those in existence, but also to those which have been terminated, and gives the board or referee power to modify, *reinstate,* suspend, or terminate a compensation agreement, original or supplemental, or an award, on petition filed by either party, upon proof that disability of an injured employee has increased, decreased, recurred, or that the status of any defendant has changed, and that the second paragraph was affected by the Amendment of 1927, supra (77 P. S. p. 772)—except as to eye injuries—by fixing a time limit within which the review, modification and reinstatement could be applied for, viz: as to agreements or awards under Section 306 (c) which were for a definite period, during the time the agreement or award was to run; as to all other agreements or awards (except eye injuries) within one year after the date of the last payment of compensation.

The first paragraph of Section 413 can not apply in the instant case because the agreement had been terminated long before the petition for reinstatement had been filed. Under the second paragraph the petition is met by the limitation under the Act of 1927, supra, and is therefore too late.

Quoting from the opinion of our Brother CUNNINGHAM in Bucher v. Kapp Bros. et al., 110 Pa. Superior Ct. 65: "If this limitation seems to work a hardship in some cases, the remedy is with the legislature; neither the compensation authorities nor the courts may disregard the clearly expressed legislative intent."

Even if we give claimant appellee, the benefit of

every conflict in the evidence, and of the inferences to be drawn therefrom, we are constrained to find that claimant is barred by the limitation under the Act of 1927, supra, and the petition for reinstatement should have been dismissed.

The assignments of error are sustained, the order of the lower court is reversed and the case is remitted for further proceedings not inconsistent with this opinion.