Bucher, Appellant, *v.* Kapp Brothers et al.

Argued May 6, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*A. R. McGrath,* with him *L. Pat. McGrath,* for appellant.

*James J. Burns, Jr.,* for appellees.

OPINION BY CUNNINGHAM, J., July 10, 1936:

This workmen's compensation case is before us for the second time. Its history up to July 14, 1933, is set forth in the opinion of this court filed on that date and reported in 110 Pa. Superior Ct. 65, 167 A. 652. For the reasons fully set forth therein we entered a final judgment in favor of the defendants and their insurance carrier.

In our former opinion we said there was evidence to support the finding by the compensation authorities that after claimant had returned to work and had signed the final receipt, hereinafter discussed, his disability, attributable to the accident, had recurred and increased. We were compelled, however, by the express limitation in the statute to reverse the judgment of the court below, affirming the reinstatement of the original compensation agreement, because the claimant had unfortunately failed to file his petition for reinstatement within one year after the last payment of compensation under the agreement.

Although the question was not raised by the petition then before them, the compensation authorities made findings to the effect that the final receipt was founded

upon a mistake of fact and should therefore be set aside under section 434 of the amendatory Act of June 26, 1919, P. L. 642, 669. As this section does not require that petitions under it be filed within one year from the execution of the receipt, we examined the record for the purpose of ascertaining whether claimant could be afforded relief under its provisions. Our conclusion was thus stated in our former opinion. "When the record is read in the light of the principles enunciated in *Shuler v. Midvalley Coal Co.*, 296 Pa. 503, 146 A. 146, we find it devoid of any competent evidence which would support a finding that the final receipt was founded upon any mistake within the contemplation of section 434."

Notwithstanding the final judgment thus entered in July, 1933, the claimant undertook to inject a new element into the case by filing a second petition with the board on January 8, 1934, praying that the receipt be set aside, under the provisions of section 434, upon the ground that it had been "procured by fraud, coercion, or other improper conduct of the defendants." The referee to whom the petition was referred found, after a hearing, that claimant had returned to work in December, 1928, at the same wages he was receiving at the time of the accident—September 17, 1928—and that the receipt executed February 14, 1929, had not been procured by fraud, coercion or any other improper conduct upon the part of the defendants. Additional compensation was, accordingly, disallowed. The board affirmed the disallowance by the referee and the court below, upon appeal by the claimant to it, dismissed his appeal and, in effect, entered judgment for the defendants; hence the present appeal by the claimant from that judgment.

Counsel now representing the appellant expressly concedes in his brief that no improper conduct by appellees in procuring the receipt was shown, but con-

tends that the writing received in evidence is not a valid final receipt within the intendment of section 434, because neither the amount paid at the time of signing, nor the wage at which appellant returned to work, is set forth therein, nor is it expressly stated that appellant's disability had terminated.

Waiving the question of the right of appellant to try his case in this piecemeal manner, and the inconsistency of attempting to avoid the limitation in the second paragraph of section 413 by seeking relief under section 434 and at the same time asserting that the receipt in question is not the kind of a receipt contemplated by the section invoked, we have considered this appeal upon its merits and are convinced it cannot be sustained.

The receipt signed by appellant on February 14, 1929, more than two months after he had returned to work, was evidently prepared upon a form approved by the board and refers specifically to the compensation agreement which it was designed to terminate. It reads:

"FINAL SETTLEMENT RECEIPT
Comp. Agreement No. 2379535
February 14, 1929.

"Received of Kapp Bros. the sum of ——— ($———), being the final payment of compensation due me under the Workmen's Compensation Law for all injuries received by me on or about the 17th day of September, 1928, while in the employ of Kapp Bros. making in all, with payments heretofore received by me, the total sum of One Hundred Fifty ($150.00) covering a period of ten weeks.

"My disability began on the 17th day of September, 1928, and I returned to work on the 4th day of December, 1928, at a wage of $——— per week. Subject to review by the Workmen's Compensation Board.

(Signed) Harry H. Bucher, Sr."

Obviously, the reason for the first blanks was that

the last payment of compensation had been made several months before the receipt was executed. No question of partial disability was involved and it was not essential that the wage at which appellant returned to work be set out. The statement that appellant "returned to work" was equivalent to saying his disability had ceased.

Counsel for appellant argues that the writing is not a *final receipt* within the meaning of section 434 but "merely a receipt for past compensation received." The adoption of that theory would be fatal to appellant's case. If the paper is merely a receipt for a current payment of compensation, appellant is at once thrown back under the second paragraph of section 413, and his rights under that section have already been finally adjudicated. As stated in our former opinion, that section "contains no reference to final receipts," nor, indeed, to receipts of any kind.

The limitation of one year therein contained begins to run with the *last* payment of compensation whether that payment is, or is not, evidenced by a receipt.

We think the receipt attacked by the present petition was drawn in substantial compliance with section 434. The admission that appellant has failed to prove it was procured by fraud, coercion, or other improper conduct, or was founded upon a mistake of law or fact, defeats his claim for additional compensation and requires that this appeal be dismissed.

Judgment for defendants affirmed.