Carey et al. *v.* Schwartz, Appellant.

Argued October 12, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*William N. Trinkle,* with him *Kirby V. Wright, Frank F. Truscott,* of *Truscott, Trinkle & Wright,* for appellant.

*Philip A. Campbell*, with him *Victor Frey*, for appellee.

OPINION BY RHODES, J., December 20, 1938:

This case involves the admissibility of expert testimony to establish the relationship of an injury to the subsequent condition of the injured. Plaintiffs instituted an action of trespass against defendant to recover damages for the injuries suffered by minor plaintiff as the result of an automobile accident. The jury found for plaintiffs. Defendant's motion for judgment n. o. v. was overruled, and rule for a new trial was discharged. Defendant then took this appeal, and presents two points for review by this court: (1) Was the testimony of plaintiffs' medical expert to establish causal connection erroneously admitted? (2) Was the verdict excessive?

Minor plaintiff suffered injuries as the result of being struck by the automobile of appellant on June 29, 1935. At the time her age was about two years eight months. She had a green stick fracture of the right fibula, and a fracture of the tibia. Her leg was placed in a cast. She also suffered a laceration over the left supraorbital region, which required a stitch.

Within four months these conditions returned to normal. In addition to the injuries mentioned, plaintiffs sought to prove that minor plaintiff suffered, from the injuries sustained, a mental retardation and a speech defect. Plaintiffs' testimony established that minor plaintiff, when about two years eight months of age, and just prior to the accident, "could ask for sugar or milk," "probably make a sentence, put two words together," and was "just getting the knack of making her syllables"; that when taken to the hospital immediately after her injuries she "appeared disoriented to her surroundings and dissatisfied"; that up until August 5th she was exceptionally irritable, cried day and night, and to the doctor who attended her had nothing to say;

that for a long period "she would hardly say anything"; that at the time of trial, October 21, 1937, she was better than she was previous to the accident. The X-rays of her skull were negative, and the only indication of a concussion was the mental condition of the child after the accident.

Dr. M. T. Moore, an expert witness for plaintiffs, having first examined minor plaintiff the day before trial, testified that he found a definite retardation in her mental responses, and a distinct disturbance in her speech. He said she appeared unable to clearly enunciate words or to form sentences fully. To a hypothetical question asking him his opinion as to the connection, if any, between the injuries and this condition he responded: "A. In the first place, let me preface my remarks by stating that I cannot accept a layman's evaluation of mental stage of this child prior to her injury. However, assuming that the child did speak these few words, and assuming that she may have been normal and abnormal, we do know from experience that in any state, either normal or abnormal, that concussion of the brain, or even a shock produced by an accident, very frequently is sufficient to retard, hold in abeyance, the normal development of the child." Appellant's objection thereto and motion to strike out this testimony were overruled (third and fourth assignments of error).

After referring to the hypothetical question the trial judge asked the witness: "Q. Do you think that applies to this case, Doctor? A. I do." It is not clear to us whether the witness' answer to the trial judge's question referred to the hypothetical question or his answer thereto. In either event we think appellant's objection to the witness' answer to the hypothetical question should have been sustained and the answer stricken out. Clearly Dr. Moore's testimony did not comply with the requirements laid down by our Supreme Court and by this court in numerous cases where it was sought by medical testimony to establish that the condition com-

plained of was attributable to the injuries sustained. See *McCrosson v. Philadelphia Rapid Transit Co.*, 283 Pa. 492, 129 A. 568; *Vorbnoff v. Mesta Machine Co. et al.*, 286 Pa. 199, 206, 133 A. 256; *Curry v. Willson et al.*, 301 Pa. 467, 473, 152 A. 746; *Waleski v. Susquehanna Collieries Co.*, 108 Pa. Superior Ct. 342, 350, 164 A. 355; *McLaughlin v. P. H. Butler Co.*, 122 Pa. Superior Ct. 139, 186 A. 190.

Dr. Moore continuing testified that, assuming the child said a few words before the accident, this would not indicate in any way that she was a normal child at the time, and that he assumed that this child was capable before the accident of carrying on conversation sufficient to be understood. The hypothetical question did not contain this assumption, and we find no testimony in the record which would establish such a fact. We can only interpret this medical expert's testimony to mean that concussion, or even shock, may sometimes be sufficient to retard the normal development of a child. Even if the witness was warranted in assuming that minor plaintiff was normal before the accident, it cannot, by any course of reasoning, be said that he definitely expressed his professional opinion that the injuries sustained by minor plaintiff, when struck by appellant's automobile, did cause the mental retardation and speech defect which he found existing at the time of trial.

Plaintiffs do not contend that the causal connection was shown without the medical expert's testimony, and obviously whether the child's mental retardation and speech defect were the result of the accident required expert opinion. Such condition could not be said to be the natural result of the injuries and the relationship establishable in the absence of such opinion. Mental retardation and speech defect in this child may have been the result of one of many causes independent of the injuries sustained in this accident. Proof of causal connection was not presented, for it is impossible to construe Dr. Moore's statement as meeting the require-

ment that, when expert testimony is relied on to show the connection between an alleged cause and a certain result, the expert must testify that in his professional opinion the result in question did come from the cause alleged.

The trial judge not only permitted this testimony of the medical expert to go to the jury as evidence that minor plaintiff's mental retardation and speech defect resulted from the accident, but, after referring to her retardation of speech, charged the jury: "It has been set back, but none of the medical testimony says that that child will be hampered later in life by not being able to talk. It is simply being set back for a couple of years." And, again, in the opinion of the court below refusing defendant's motions for judgment n. o. v. and for new trial, the court, in our judgment, takes the untenable position that minor plaintiff's "mental injuries" were sufficiently proved. The opinion of the court below also states: "Defendant contends that the minor's verdict of $2,000 was excessive. We cannot agree. The child suffered fractures of the fibula and of the right tibia at the ankle, and lacerations of the head requiring sutures. In addition, there was evidence that her speech was temporarily retarded and her faculties confused. The verdict, while large, does not shock our conscience."

We are of the opinion that the testimony of the medical expert relied upon by plaintiffs to show causal connection between the accident and minor plaintiff's mental and speech impairment failed to measure up to the standard of proof required by our Supreme Court in *McCrosson v. Philadelphia Rapid Transit Co.*, supra, and other cases which have followed it, and that therefore, not being legally competent evidence, its admission constitutes reversible error. We do not believe the jury could have failed to have taken into consideration this incompetent testimony in arriving at the verdicts.

Judgments are reversed, with a venire facias de novo.