## Parzuhoski *v.* Pittsburgh Terminal Coal Corp., Appellant.

Argued April 9, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Sidney J. Watts,* for appellant.

*Samuel M. Rosenzweig,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

Claimant filed a petition on February 2, 1938, to recover compensation for herself and her minor children as dependents of her deceased husband, alleging that he had died on January 19, 1938, as the result of an accidental injury sustained by him on August 26, 1937, while in the course of his employment with defendant. The referee after hearing denied compensation and dismissed the petition. Claimant appealed to the Workmen's Compensation Board which reversed the referee and made an award in favor of claimant. Defendant appealed to the court of common pleas which affirmed the award and entered judgment for claimant. From such judgment an appeal has been taken by defendant to this court.

Appellant contends that the evidence does not sustain the board's finding that deceased's death was the result of injuries sustained by him on August 26, 1937.

Deceased was a coal loader in appellant's mine. The alleged accident is described as having occurred when deceased was pushing a mine car, whereby he hurt his back. The diagnosis of Dr. A. J. Ishlong, who saw deceased for the first time on October 16, 1937, was "a severe sprain of the back." When deceased called on December 6, 1937, this doctor, who had been treating him, found some involvement of the kidneys. When first examined there was no indication of a kidney condition. In January, 1938, deceased contracted a bad case of the grippe, developed bronchial pneumonia, and died on January 19, 1938. This doctor testified that deceased's "resistance was lowered to a great extent by the conditions resulting from the accident," and that

"if his condition would have been better and his resistance not so low at the time he contracted pneumonia, he could have had a much better chance to fight off the pneumonia." Speaking of deceased's death he testified: "I would say that the direct cause was pneumonia and that the corroborating cause was a lowered resistance since the date of the accident, and that he could not stand the infection." The court below, in affirming the award of the board, was of the opinion that this statement of Dr. Ishlong was sufficient to establish a connection between the accidental injury and the death, and that it came within the rule laid down in *Dopkin v. Philadelphia & Reading Coal & Iron Co.*, 296 Pa. 71, 145 A. 707.

In *Dopkin v. Philadelphia & Reading Coal & Iron Co.*, supra, the workman received an injury resulting in arthritis or inflammation of the hip-joint and terminating in pneumonia. The employee met with the accident on August 25, 1927. After treatment at his home, he was admitted to a hospital on October 20, 1927, where he died of pneumonia on November 26, 1927. A medical expert testified that in his opinion the injury suffered by deceased at the time of the accident was a contributing cause to his death. The Dopkin case was classified by Mr. Justice STERN in *Parks v. Miller Printing Machine Co. et al.*, 336 Pa. 455, 458, 9 A. 2d 742, among those cases where there is an involuntary, unexpected, fortuitous happening which causes the disease.

In the instant case deceased died at his home 146 days after the alleged accident. In the meantime he developed nephritis, and there is no competent testimony that this was caused by the accident. Thereafter he had an attack of grippe, and finally, a few days before his death, he developed bronchial pneumonia, a germ disease. These circumstances would suggest no direct relation between the alleged accident in the nature of a sprained back possibly lighting up a latent condition of osteo-arthritis and the bronchial pneumonia 146 days

thereafter. The burden was on claimant to clearly establish causal connection by expert testimony. *Anderson v. Baxter et al.*, 285 Pa. 443, 132 A. 358; *Bunnell v. State Workmen's Insurance Fund et al.*, 124 Pa. Superior Ct. 171, 188 A. 411.

Assuming that deceased suffered a compensable accident, in our judgment causal connection between the injury received from the accident and his death was not established; the testimony of Dr. Ishlong solely relied upon for this purpose did not meet the established requirements. See *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995; *Carey et al. v. Schwartz*, 133 Pa. Superior Ct. 604, 3 A. 2d 203. It shows no direct relation between the alleged injury and the disease resulting in the death of deceased. See *Morgan v. Philadelphia & Reading Coal & Iron Co.*, 273 Pa. 255, 258, 116 A. 891; *Bunnell v. State Workmen's Insurance Fund et al.*, supra, p. 175. Dr. Ishlong's testimony goes no further than to say that the "corroborating cause" of deceased's death was a lowered resistance since the accident, the direct cause being pneumonia. The doctor went on to say that if deceased's resistance had been higher he would have had a better chance to fight off the pneumonia. It may be conceded that deceased's resistance was lowered by the conditions resulting from the accident, and that he thereby became more susceptible to infectious disease; but "it cannot be affirmed that whatever lowers a man's vitality is responsible for any disease which may come upon him": *Anderson v. Baxter et al.*, supra, 285 Pa. 443, at page 448, 132 A. 358, at page 359. The bronchial pneumonia followed the grippe and nephritis from which deceased was suffering. Although bronchial pneumonia is usually termed a secondary disease, there is nothing in the record to indicate that the grippe and nephritis were the result of the accidental injuries which deceased is supposed to have sustained, except that they followed a lowered resistance. The testimony that deceased's lowered re-

sistance was the "corroborating cause" of his death and rendered him unable to stand the infection is not sufficient. Such testimony does not establish that the alleged injury was the direct or superinducing cause of deceased's death. No one's resistance or vitality remains the same. People who have never suffered an accident contract grippe and bronchial pneumonia, and are often stricken with nephritis. Those who are apparently strong and healthy are frequently afflicted, while the weak and delicate often escape such diseases. "Lowered resistance" is a vague and relative term, and is insufficient here to establish a causal connection between the alleged accidental injury and deceased's death from bronchial pneumonia. See *McCrosson v. Philadelphia Rapid Transit Co.*, 283 Pa. 492, 494, 495, 129 A. 568.

Judgment is reversed, and the award made by the Workmen's Compensation Board is set aside *(Anderson v. Baxter et al.*, supra, 285 Pa. 443, 449, 132 A. 358).