Tubbs, Appellant, *v.* O. T. Oil Company.

Argued April 12, 1934.

Before TREX-LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Perry Eckels,* and with him *Charles B. Stegner,* for appellant.

*Paul E. Thomas,* and with him *Frank J. Thomas* of *Thomas & Thomas,* for appellee.

OPINION BY JAMES, J., October 3, 1934:

Appellant filed a petition for review upon which, after hearing, the referee awarded compensation for partial disability and which was affirmed by the compensation board. On appeal to the common pleas the award was set aside and claimant's petition for review dismissed.

An agreement, dated March 17, 1932, was entered into between claimant and his employer and insurance carrier, providing for compensation at $1500 per week from March 1, 1932, for fifteen weeks, in which agreement the accident and injury is described as follows: "Hooking a well on with a chain. Chain slipped smashing index and middle fingers left hand. Amputation of first phalange of second finger left hand." On June 16, 1932, a supplemental agreement was entered into setting forth that the status of the claimant changed June 14, 1932 as follows: "Middle finger of left hand amputated back to metacarpal phalangeal joint, on June 7, 1932. It was necessary to remove the entire finger, in order to have any use of the other

three." This agreement provided for an additional period of fifteen weeks at the same rate. Payments were made under this agreement and the last payment was made on September 26, 1932, at which time a final receipt was executed by the claimant.

On December 12, 1932, claimant filed his petition for review on the ground of mistake, alleging, inter alia, as follows: "I believed that my total disability was the loss of my second finger whereas I now know that my total disability is at least 50% loss of the use of my left hand." Defendant filed an answer denying liabilty and the matter proceeded to a hearing.

The referee found, inter alia, the following facts: That the petitioner herein petitions for partial disability, alleging 50% loss of the use of his left hand; that due to infection there is stiffness in the joints of the remaining fingers of the injured hand which interferes with the grasping power of the hand, and that this disability is equal to 25% loss in earning power.

Claimant testified as follows (p. 12a): "Q. The condition of your hand now is the same as when you signed the final receipt? A. I can not see that it is any better. Q. Is it any worse or just the same? A. No, it is not any worse." The remaining portion of his testimony consisted largely of a description of his injuries and of his efforts to use his hand but nowhere does it appear that any mistake was made in reference to the execution of the agreement; in fact, the record is barren as to circumstances under which it was signed.

Claimant's physician testified that the condition of the hand was due to the injuries to the finger and the infection which affected the nerves and tendons of the hand. Appellant complains that the court erred in concluding that the infection must have been subsequent to the amputation of the finger. Whether this finding was correct or not is immaterial, as the vital

question is, was the final receipt signed under a mistake of law or of fact.

It is conceded by appellant that if the petition was based upon conditions developing after the execution of the agreement, it would be barred by Section 413 of the Act of 1915, P. L. 736, as amended by Section 6 of the Act of April 13, 1927, P. L. 186 (77 PS 772), but contends that the agreement was based upon a mistake of fact existing at the time of its execution.

A final receipt having been executed, relief could only be secured under Section 434 of the Act of 1915 as amended by the Act of 1919, P. L. 642, (77 PS 1001). The form of the petition used refers to Section 413 but the relief sought was the setting aside of the final receipt under Section 434. We have repeatedly held that it makes no real difference under which section a petition may have been filed, provided proper ground for action by the compensation authorities under either be proved. An examination of the testimony shows that claimant did not attempt to prove that any mistake had been made at the time of the execution of the original agreement nor did the referee make any finding that the agreement had been founded upon a mistake of law or fact.

Undoubtedly, the claimant is suffering from more disability than was covered by the supplemental agreement but he executed it, received the compensation it provided for and, upon receipt of a check for the final payment, signed the final receipt. Section 434 requires that in order to set aside a final receipt it must be proved that such receipt was procured by fraud, coercion or other improper conduct of a party or is founded upon a mistake of law or of fact and the burden of proof is on claimant to establish his right to have a final receipt set aside by evidence reasonably satisfactory that a mistake has been made: Shuler v. Mid Valley Coal Co., 296 Pa. 503, 146 A.

146; Bukovac v. Eastern Coke Co., 109 Pa. Superior Ct. 235, 167 A. 658. In view of the fact that the testimony does not establish that a mistake actually existed, coupled with the further fact that the referee failed to find that any mistake actually did occur, we believe the lower court was correct in setting aside the award.

Appellant further contends that the court below should have, instead of dismissing the claimant's petition for review, referred back the proceedings to the compensation authorities for further findings, and relies upon the Act of June 26, 1919, P. L. 642 (77 PS 879), which provides: "If such court (common pleas) shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination." This act has been passed upon by our courts on several occasions, the last case being Telario v. Jefferson & Indiana Coal Co., 105 Pa. Superior Ct. 305, 161 A. 486, in which opinion reference is made to other cases dealing with the act. However, we do not find this act applicable for the reason that the court of common pleas did not sustain the appellant's exceptions to a finding or findings of fact but found from the record that there was no finding of fact by the referee or the board that a mistake existed at the time of the execution of the final receipt; that as a matter of fact, the evidence did not establish that a mistake existed, and found as a conclusion of law that claimant was not entitled to have the final receipt set aside. We believe the act in question to be applicable only within the plain language of the statute, to wit, when the appellant's exceptions are sustained to a finding or findings of fact of the referee or the board.

Judgment affirmed.