## Szymanski *v.* Culmerville Coal Company et al., Appellants.

304

Argued April 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Karl E. Weise,* for appellants.

*John E. Evans, Jr.,* of *Margiotti, Evans & Pugliese,* for appellee.

OPINION BY HIRT, J., July 19, 1940:

Frank Szymanski, claimant's husband, was employed by defendant as a coal miner, for years. In October 1936 be had been operated upon for a perforating duodenal ulcer. Because of accompanying infection and extensive peritonitis the incision did not completely heal until the following April leaving a "weak area" at the site of the incision. In May 1937 he returned to work with defendant company as a coal loader. On June 24, 1937, overexertion in moving an excessively heavy piece of bony caused a break in the wall of the abdomen through the long incision of the former operation. The hernia was reduced by an operation in July 1937. An open agreement then was entered into, under which compensation was paid until October 1, 1937, when, though Szymanski was still disabled, a final receipt was executed. He never worked again and died on February 20, 1938.

On December 20, 1937 he had filed a petition to set aside his final receipt, alleging that his disability as a result of the accident had not ceased. The petition is informal and does not allege either mistake of law or of fact nor charge the employer with improper conduct, but this is unimportant for claimants in compensation cases are not held to strict rules of pleading. *Reichner v. Blakiston's Son & Co.,* 115 Pa. Superior Ct. 415, 175 A. 872. Following his death, his widow filed her claim petition and after hearing on both, the referee set aside the final receipt and made an award to claimant which, on successive appeals, the board and the lower court affirmed.

The questions involved relate to the sufficiency of the evidence to set aside the final receipt and to supply proof of a causal connection between the injury and the

death of the employee. We agree with the lower court that the receipt was properly set aside because executed upon mutual mistake of fact and that there is sufficient substantial evidence that death resulted from injury in the course of employment.

The operation for the hernia was successful from a surgical viewpoint but the hernia was only one of the injuries caused by the accident. After what was considered a normal period for recovery from the hernia operation Szymanski continued to lose weight and suffered severe pain almost constantly at the base of the right chest and progressively failed in health and strength. In an effort to diagnose the cause, an x-ray examination was made on December 23, 1937 which disclosed a mass in the base of the right chest about the size of a base ball, rough in outline and close to the diaphragm with adhesions from the mass to the surface and air pockets below the adhesions as though caused by a tearing of the lung. There is competent medical testimony that this mass or cyst followed the perforation of the intestinal tract by the ulcer prior to October 1936 and resulted from the infection. The examination indicated that the adhesions had been torn, and, in the opinion of a surgeon of standing in his profession, the same force which caused the hernia also "tore the adhesions at the base of the chest and set up the condition that resulted in loss of weight, shock, pain and degeneration . . . . . . ."

On October 1, 1937 when the final receipt was given, the condition at the base of the lung had not been diagnosed and was unknown either to Szymanski or to his employer. Because of disability resulting from that unknown cause, he was unable to work. The receipt, therefore, was given by the employee and was taken by the employer through a mutual mistake of a very material fact and for that reason was properly set aside. *Sarnis v. Phila. & Reading C. & I. Co.,* 80 Pa. Superior

Ct. 228. There is definite and specific medical testimony based, not only upon the history of the case but upon the findings from the x-ray examination, sufficient both in quantity and quality. *Eberst v. Sears Roebuck & Co.,* 334 Pa. 505, 6 A. 2d 577. The disability resulted not from a recurrence of a prior injury but from an original injury, distinct from the hernia, which, at the time the receipt was given, was not known to exist. *Shuler v. Midvalley Coal Co.,* 296 Pa. 503, 146 A. 146.

The testimony is sufficient also as proof of causal connection between the injury and the death. When a workman dies within the statutory period from "such violence and its resultant effects" the employer is liable. *Watson v. Lehigh Coal & N. Co.,* 273 Pa. 251, 116 A. 889.

Decedent's age was 54; there was evidence of slight deterioration in the muscle tone of the heart but no active condition which could be accepted as a factor in causing death. The surgeon who ordered the x-ray plates conducted a thorough examination, and from the admitted history of the overexertion causing the hernia which was successfully reduced, and from the evidence of an additional injury which tore the adhesions about the mass in the chest, accompanied by severe and continued pain, followed by general and rapid degeneration of bodily functions ending in death two months later, this witness found a definite chain of symptoms which precipitated death. He testified: "I think his decline in health, loss of weight and strength, was due to the steady and progressive attacks of severe pain in the right chest. Q. And these attacks were induced by what? A. The tearing of the adhesions about the cystic mass of the right lung. Q. At the time of the accident? A. Yes, when he lifted the heavy piece of bony or slate. Q. What accounted for the death in 1938? A. I think the condition precipitated the death. I don't say positively ......" To the question: "In your opinion was

the accident ...... a contributory factor in the death occurring in February 1938?" he replied: "I feel it was." This testimony amounts to an assertion of professional opinion that under all the attending data, the result in question most probably came from the assigned cause. This, with the lay testimony of the recovery from the ulcer operation and the rapid decline following the accident, is substantial evidence sufficient to support the finding of the board that "The accidental injuries causing the tearing of the adhesions about the cystic mass in the decedent's chest set in motion a chain of symptoms which grew progressively worse and the decedent developed a severe cough with profuse expectoration and these accidental injuries to the decedent's chest precipitated and accelerated or hastened the decedent's death which occurred on February 20, 1938." *Jones v. Phila. & Reading C. & I. Co.*, 285 Pa. 317, 132 A. 122; *Pelosi v. Overbrook Tile Co.*, 138 Pa. Superior Ct. 30, 10 A. 2d 118.

Judgment affirmed.