## Strouse *v.* Quaker Knitting Mills, Inc., et al., Appellants.

40

Argued March 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George H. Detweiler,* with him *Robert A. Detweiler,* for appellants.

*Harris I. Weisbord,* with him *Herman Weiner,* for appellee.

OPINION BY DITHRICH, J., April 10, 1946:

Louis Strouse, the claimant, was employed by Quaker Knitting Mills, Inc., defendant, as a knitting machine operator. On the morning of July 5, 1938, while repairing or fixing his machine which was made of heavy cast iron, he bumped his right knee cap against it. He immediately notified his employer of the accident and continued to work despite his injury. During the summer he was under the care of Dr. Morris Cornfeld who saw him sixteen times. In September and October he was treated at the hospital where X-ray pictures were taken and his knee was strapped and bandaged. Dr. Thomas Enfield treated him from April 4, 1939, until May 22,

1942. Dr. Enfield diagnosed his condition as chronic synovitis, a chronic inflammation of the synovial (lubricating) membranes of the knee joint.

Although his injury impaired his ability to work, claimant continued to work for defendant from the date of the accident until November 15, 1938. He testified that Dr. Cornfeld advised him to go to bed and stay off his feet. But he stayed on the job at the request of his employer who, he testified, promised him that he would be taken care of if he presented no claim for compensation. After leaving defendant's employ, he received unemployment compensation for thirteen weeks, and at various intervals attempted to work, without success, as a huckster, a delivery man for a butcher, and a waiter in a lunch room. He filed his claim petition on November 20, 1939, sixteen and a half months after the date of the accident.

The referee originally disallowed compensation, "Inasmuch as the claimant did not suffer disability as a result of an occurrence on July 5, 1938." Claimant appealed, and at the argument before the Workmen's Compensation Board defendant for the first time raised the question of the statute of limitations. Claimant then petitioned for a rehearing and the board set aside the referee's findings of fact, conclusions of law and order of dismissal and remanded the record to the referee "for the purpose of taking such testimony as the parties may desire to offer upon the defendant's plea of the bar of the statute of limitations." After a rehearing, the referee again dismissed the claim on the ground that "Inasmuch as the claimant did not offer any testimony which would toll the bar of the statute, petition is without merit." Claimant again appealed to the board, which made its own findings of fact, conclusions of law, and award of compensation effective as of April 4, 1939. Defendant then appealed to the court of common pleas which affirmed the action of the board, and from the decision of the court of common pleas defendant and its insurance carrier bring this appeal.

On the date of the accident, July 5, 1938, section 1 of the Act of June 4, 1937, P. L. 1552, which amended section 315 of the Workmen's Compensation Act of 1915, P. L. 736, was in effect. Under this section, claimant had a period of two years from the date of the accident within which to file his claim petition. However, at the time claimant filed his claim petition, section 315 of the Act of 1915 had been further amended by section 1 of the Act of June 21, 1939, P. L. 520, 77 P.S. §602, which became effective July 1, 1939, and reduced the period within which a claim petition can be filed to one year after the date of the accident. Claimant filed his petition within the two-year period, but after the one-year period had elapsed, and the question arises as to whether it was barred by the statute of limitations. The applicable statute is the Act of 1939, because the statute in effect at the time of the filing of the claim petition is the governing statute: *Ferki v. Frantz's Transfer Co.*, 152 Pa. Superior Ct. 267, 31 A. 2d 586. But since claimant's substantive right of action was in existence at the time the Act of 1939 became effective, a reasonable time must be allowed to enforce this right: *Ferki v. Frantz's Transfer Co.*, supra; *Kennedy v. Holmes Construction Co.*, 147 Pa. Superior Ct. 348, 24 A. 2d 451. In the latter case, we said, at page 357: "The period of limitation having been reduced from two years to one year by the Act of 1939, there must be a reasonable time allowed to exercise a substantive right which existed at the time of its enactment. Under the circumstances, the reasonable time thereafter in which a claim petition may be filed is to be judicially determined." In the *Ferki case*, we held that a claim petition filed over fourteen months after the effective date of the Act of 1939 was not filed within a reasonable time; in the *Kennedy case*, that one filed within three months, was filed within a reasonable time. Appellants contend that the claim petition in the instant case, filed more than three months after July 1, 1939, was not filed within a reasonable time. What is a

reasonable time must be judicially determined from the facts and circumstances in each case. The nature of claimant's injury must be considered as well as the fact that he was dissuaded from claiming compensation immediately after the accident. On July 1, 1939, the effective date of the amendment, claimant had only five days within which to file his petition under the one-year limitation. In our opinion, in view of all the circumstances of this case, when it was filed four and a half months later it was within a reasonable time.

Appellants question the board's finding of fact that claimant was 60% disabled as of April 4, 1939, as a result of the accident. The record contains ample competent evidence to sustain this finding. Dr. Enfield, who was treating claimant at the time of the hearings, testified that his condition was caused by the injury and that he was 75% disabled from standing with any weight on his knee. It is well established that the findings of fact of the compensation authorities, if supported by competent evidence, are conclusive: *Senchak v. Tech Food Products Co. et al.*, 152 Pa. Superior Ct. 247, 31 A. 2d 746. It is beyond our province to pass upon the credibility of witnesses and the weight of the testimony: *Thomas v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 161, 25 A. 2d 98. And the evidence must be considered in a light most favorable to the claimant: *Franks v. Point Marion Bridge Co.*, 128 Pa. Superior Ct. 269, 193 A. 421.

After the record had been certified to this court, defendant and its insurance carrier presented a petition for a rule to show cause why depositions should not be taken to show that claimant had been gainfully employed by others during the period for which he was claiming and had been awarded compensation. The petition was refused. This is not the proper forum in which to raise the question of termination of plaintiff's disability. The order of the court of common pleas entering judgment in favor of the claimant and against the defendant

and its insurance carrier for the amount of compensation awarded by the compensation authorities, stipulated that it was ". . . subject to any future termination, modification, suspension or reinstatement justified by . . . a change in the character of claimant's disability . . ." Defendant and its insurance carrier have an appropriate remedy should they desire to petition for a termination of compensation on the ground that claimant's disability has ceased.

The judgment is affirmed.