## Harrison *v.* Alden Park Manor Apartments et al., Appellants.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George H. Detweiler,* with him *Robert A. Detweiler,* for appellants.

*A. F. Barbieri,* with him *G. A. Troutman,* for appellee.

OPINION BY ROSS, J., March 11, 1947:

In this workmen's compensation case, the claimant was injured on December 16, 1929 when volatile gas in an electric refrigerator which he was repairing for his employer exploded, burning his hands and face. An open agreement to pay compensation for "burned hands and face" was entered into on December 30, 1929, and payments made thereunder for four weeks. On January 18, 1930, the claimant executed a final receipt, returning to work for the same employer at the same wages on January 20, 1930, and continued in this employment until March 31, 1931.

On April 27, 1931, the claimant filed a petition to have the receipt set aside and the "compensation agreement reinstated" on the ground that he had signed the "final receipt by mistake as he was suffering from a heart condition, of which he was not aware until three months after accident", and that this condition "resulting from injury sustained on December 16, 1929, has caused claimant to be disabled". An answer was filed denying that the final receipt was signed by mistake and that as more than one year had elapsed since the employe had signed the final receipt, the petition was too late. The parties having stipulated that the claimant's right to proceed was a legal question, the referee, without going into the merits of the case, concluded that the petition was one for reinstatement under the provisions of the second paragraph of section 413 of the Workmen's Compensation Act and dismissed the petition on the ground that it had not been filed within the prescribed one year from the last payment of compensation. The claimant did not appeal from this action of the referee.

On February 19, 1937, the claimant filed a petition to "review" the compensation agreement of December 30, 1929 and to set aside the final receipt on the grounds that the final receipt was signed "under a mistake, in that claimant at the time of the signing thereof was

totally disabled as a result of the original accident, which total disability still persists". An answer was filed denying that claimant signed the final receipt under a mistake and denying that claimant is now or was at the time the final receipt was signed, totally disabled as a result of the accident. The referee concluded that the one year limitation of section 413 applied and dismissed the petition. Upon appeal, the board properly considered the petition as filed under section 434 (infra) and remanded the record to the referee, who, after hearing, entered an award for total disability. The board vacated the award but the Court of Common Pleas of Philadelphia County reversed the board and remanded the case with directions to determine as facts whether the disabling heart condition existed at the time the claimant signed the final receipt and whether there was any causal connection between the accident and the disability.

After further hearing, the referee made an award of compensation for total disability for 500 weeks from April 1, 1931. The board affirmed the findings and con·clusions of the referee but in affirming the award modified it by holding that the claimant was not entitled to any compensation during the period from April 1, 1931, when he was removed from the defendant's payroll until October 17, 1932, when the proceedings on the claimant's original petition were terminated by dismissal of the petition, and that since this dismissal was not appealed, it was an adjudication of claimant's rights to that date. Both parties appealed to the court below. Claimant's appeal from the board's suspension of payments was sustained, and the defendant's appeal alleging error in the board's failure to suspend payments until February 18, 1937—the date of the second petition—and in setting aside the final receipt was dismissed. Defendant appealed to this court at No. 218 from lower court's sustaining claimant's appeal and at 219 from the dismissal of its appeal. After a suggestion of the claim-

ant's death on November 16, 1944, his widow was substituted as statutory dependent.

The referee found, inter alia: "8. That the explosion of butane gas injuring the claimant while working on December 16, 1929, so affected the claimant's heart as to produce a disabling condition of auricular fibrillation, which has continued to exist and cause disability from the time of the accident to the present time." Adequate medical testimony to support this finding of fact was given by claimant's family physician, by an eminent heart specialist and by an impartial expert appointed by the referee. In addition, it is in evidence that after returning to work the claimant could not perform his duties as he did before the accident, was short of breath, weak, lost weight and required a helper. The defendant's superintendent testified that before the accident the claimant was "a high class workman . . . one of the best I have ever seen in his line"; that when he returned to work "he could not handle the work at all"; that notwithstanding the claimant's inability to work, he was carried on the payroll although "If I did not think that the Company had an obligation to him, I would not have kept him a week". The record discloses substantial competent evidence to sustain the referee's finding that claimant's disability was caused by the accident and that it existed from the time of the accident.

Section 434 of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, 77 PS 1001—in effect when the final receipt involved in this case was executed and, therefore, controlling (*Uglaky v. Hudson Coal Co.,* 152 Pa. Superior Ct. 301, 31 A. 2d 743)—provides as follows: "A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, reciting that the disability or dependency has terminated, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the

board, or a referee designated by the board, may, at any time, set aside a final receipt, upon petition filed with the board, if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or of fact." The "mistake of fact" contemplated by this section refers to a fact which existed at the time a final receipt was signed and not to a subsequent development from an injury which was thought to be healed or to claimant's own belief that his disability had ceased, which was later disproved by the subsequent course of events. *Prybish v. Heidelberg Coal Co.*, 159 Pa. Superior Ct. 12, 46 A. 2d 509; *Eberst v. Sears Roebuck & Co.*, 334 Pa. 505, 6 A. 2d 577; *Zavatski v. P. & R. C. & I. Co.*, 103 Pa. Superior Ct. 598, 159 A. 79.

The burden of proof was on the claimant to establish his right to have the final receipt set aside by definite and specific evidence reasonably satisfactory that a mistake in fact had been made. *Shuler v. Midvalley Coal Co.*, 296 Pa. 503, 146 A. 146; *Eberst v. Sears Roebuck & Co.*, supra. The compensation authorities in this case having found that "at the time of the execution of the said final receipt the claimant was not aware of his condition and that the said receipt was executed under a mistake of fact", the question before us is whether this finding is supported by evidence of the required quantity and quality; and we are of the opinion that it is.

The injury in contemplation of the parties was "burned hands and face", as set forth in the compensation agreement which was entered into by the parties and for which the final receipt in this case was given. There is no evidence in the record that either employe or employer knew that, as a result of the accident, the claimant suffered any injuries other than burned hands and face, and it may be assumed that had they known of the claimant's disabling heart condition, the final receipt would not have been executed. Since claimant's disability at the time the final receipt was signed was not

confined to burned hands and face, the final receipt under the evidence in this case was executed under a mistake of fact within the meaning of section 434 and it was properly set aside.

Such cases as *Reichner v. P. Blakiston's Sons & Co.;* 115 Pa. Superior Ct. 415, 175 A. 872; *Reddicks v. Welsbach G. & E. Co.,* 124 Pa. Superior Ct. 285, 188 A. 417, and *Berkstresser v. State Workmen's Insurance Fund,* 140 Pa. Superior Ct. 237, 14 A. 2d 225, relied upon by appellant, are not applicable to the facts in this case. Those cases set forth the principle that a mistaken belief or hope that an employe may return to work without danger of any recurrence of disability is not the kind of mistake of fact which is contemplated by section 434. In this case, the claimant did not know that he had injuries other than burned hands and face until he returned to his employment and tried to work on January 20, 1930—two days *after* he had signed the final receipt. His total disability was not a subsequent development of the injuries set out in the agreement and considered healed when he returned to work. The effect of the explosion was not known to the parties or included in the compensation agreement when it was executed. The facts in this case bring it with the principle as illustrated by *Dobash v. Jeddo-Highland Coal Co.,* 141 Pa. Superior Ct. 62, 14 A. 2d 842, and cases therein cited, in which a final receipt was set aside because the agreement which it terminated did not cover all of the claimant's injuries nor did claimant know the full extent thereof at the time he executed the final receipt. Appellants contend that, in any event, the claimant is not entitled to any compensation from April 1, 1931—the date when he was removed from the payroll—to February 18, 1937 when his second petition, the one involved in this case, was filed. A determination of this contention depends upon the legal effect of the referee's dismissal of the claimant's original petition on October 17, 1932, and the claimant's failure to appeal therefrom.

If a claimant is entitled to relief under any section of the Workmen's Compensation Act, his petition should be considered as filed under that section. *Kissel v. Harbison-Walker Refractories,* 157 Pa. Superior Ct. 37, 41 A. 2d 434. Instead of considering the claimant's original petition as filed under section 434 and, therefore timely, the referee applied to the petition the limitation of one year applicable to a petition filed under section 413. His order of dismissal was based solely on the legal proposition that the petition having been filed "one year and three months after the last payment of compensation, the Referee concludes as a matter of law that the present petition for reinstatement is barred by the statute of limitations". The referee did not pass upon the merits of claimant's petition but merely decided a stipulated legal question of procedure. Since it was not a final and conclusive determination of claimant's disability, the causal connection of that disability or whether the final receipt was executed under a mistake of fact, it did not preclude the claimant from filing a timely petition to have those issues and his rights determined (*Petrovan v. Rockhill C. & I. Co.,* 130 Pa. Superior Ct. 58, 196 A. 516) and his petition of February 18, 1937, under section 434, the applicable section of the Act, was timely. *Zupicick v. P. & R. C. & I. Co.,* 108 Pa. Superior Ct. 165, 164 A. 731.

*Roeschen v. Dietrich,* 107 Pa. Superior Ct. 298, 163 A. 63, *Wilson v. Susquehanna Collieries Co.,* 107 Pa. Superior Ct. 360, 163 A. 66, and *Augustine v. Evert Lumber Co.,* 134 Pa. Superior Ct. 167, 3 A. 2d 284, relied upon by appellants, are clearly distinguishable from this case. In them, the orders unappealed from were made after full hearings on the merits, and adjudications of facts including determination of disability, and we held that the orders were conclusive athough in the *Wilson* case at page 363, we said, "As stated in the Higgins [106 Pa. Superior Ct. 1, 161 A. 745] and Roeschen [supra] cases, failure to appeal from an adverse finding of a referee, or the board, does not preclude

a party from petitioning the board for appropriate action by it under Section 413, provided the petitioner can bring himself within its scope and limitations".

The law imputes the intention to the parties that when the compensation agreement in this case was entered into on December 30, 1929 such agreement would run 500 weeks if the injury developed total disability for that time. The final receipt merely relieved the employer from obligation to pay pending further action by the compensation authorities during the period of time the agreement would have run. *Gairt v. Curry Coal Mining Co.*, 272 Pa. 494, 116 A. 382. The petition of April 27, 1931 and the referee's order of dismissal may be disregarded (*Porto v. P. & R. C. & I. Co.*, 124 Pa. Superior Ct. 431, 188 A. 559) and since the claimant brought himself within the scope and limitations of section 434, the employer is entitled to no further or additional suspension of its obligation to pay.

Judgment affirmed.