Opinion by
 

 Arnold, J.,
 

 This is a workmen’s compensation case with a welter of petitions, answers, etc.,—a record which we will attempt to simplify. The court of common pleas, principally on the theory of res judicata, affirmed the board’s order sustaining the referee’s dismissal of claimant’s petition. Hence this appeal.
 

 The claimant was injured and entered into an agreement for compensation, after which a supplemental agreement was executed November 8, 1944, calling for payments of compensation to December 27, 1944, for the specific loss of the little finger.
 

 On December 19, 1944,—before the supplemental agreement had expired,—the claimant filed a petition to review the agreement, alleging that in addition to the loss of the little finger of the left hand he did “not have
 
 *431
 
 full industrial use of . . . the middle finger and [had] no feeling in the top of the thumb of the left hand.” This was heard April 4,1945, the claimant had no counsel, but the insurance carrier was represented. Dr. Harry Hudson was called by the carrier and his testimony undoubtedly established disability in addition to that provided for in the supplemental agreement. Nevertheless the referee found as a fact: “Claimant’s disability . . . is confined to the industrial loss of the left little finger”; and as a conclusion of law: “Since claimant suffers no disability beyond the industrial loss of the left little finger . . . the petition should not be granted.”
 

 On December 6, 1946, claimant filed two petitions with the board. The one prayed for an appeal nunc pro tunc, alleging that he had never received a copy of the referee’s decision of May 24, 1945, and averred that he now suffered the loss of the use of the left hand. The other (No. 91384) was a “petition to review provisions of existing compensation agreement.” It, too, alleged that the claimant had not received a copy of the referee’s decision, and that claimant had lost the use of the left hand. The latter petition was thereafter amended to be considered as a petition to set aside the final receipt.
 

 The appeal nunc pro tunc was refused by the board, and rightly so, since the only excusatory matter alleged was (a) that he never received a copy of the referee’s decision; (b) that “it is not unusual for claimant to fail to receive mail, although it may be properly addressed to him”; (e) that claimant lives in a three-story house converted into apartments, with no mail boxes, and the mail is thrown by the carrier on the floor of the vestibule, and children have often taken the mail and destroyed it; (d) that in warm weather the vestibule door is left open and tradesmen have “kicked the mail around”; and (e) that the claimant has made two complaints to the post office department regarding his failure to receive mail. These averments could not overcome
 
 *432
 
 §406 of the Act as amended,
 
 [1]
 
 for the claimant was not without fault, nor did he attribute fault to the compensation authorities.
 

 Claimant’s petition for review (No. 91384) was referred to the same referee who had determined that claimant’s disability was confined to the left little finger. At this hearing plaintiff was represented by counsel and claimant’s testimony showed that on April 4, 1945 (when the referee heard the testimony on the petition to review the supplemental agreement), the claimant had not executed any final receipt under that agreement, but that after this hearing he did sign a final receipt. This final receipt was not filed with the board until June 12, 1945, which was the date that the board mailed the referee’s decision which had been filed with the board on May 24.
 

 At this point the compensation authorities began to err. When it appeared in the testimony that a final receipt had been executed, the referee, as this Court has many times decided, should have gone into a full hearing to determine whether the claimant was entitled to relief under §434 of The Workmen’s Compensation Act as amended, 77 PS §1001, permitting petition to set aside a final receipt to be filed at any time within two years after the execution of the receipt. Since the petition which the referee was hearing had been filed De
 
 *433
 
 cember 6, 1946, and since the final receipt was not executed until after April 4,1945 (the referee’s hearing on petition to review the supplemental agreement), the petition was filed in time to set aside the final receipt.
 

 This Court has said over and over again that the title to the petition is unimportant; that it is immaterial whether the petition or its prayer even refer to a final receipt. The important thing is that testimony should be taken, and if from the testimony it appears that a final receipt was given and the petition filed within two years from the execution of the receipt, the informality of the pleadings is immaterial. In
 
 Busi v. A. & S. Wilson Company et al.,
 
 110 Pa. Superior Ct. 95, 167 A. 655, at page 101, this Court said: “In the administration of this humane legislation, it is not the policy of this court to impale a deserving claimant upon technicalities of pleading, or a mistake in filing his petition under an inapplicable section of the act, provided he adduces evidence showing that he is entitled to relief under any of its provisions. Therefore, if the testimony in this case so warranted, we would treat this petition as if filed under Section 434 to set aside the final receipt, under which section it would not be subject to the limitation of one year attached to the second paragraph of Section 413.” See also
 
 Tubbs v. O. T. Oil Co.,
 
 114 Pa. Superior Ct. 375, 378, 174 A. 836;
 
 Harrison v. Alden Park Manor Apts. et al.,
 
 160 Pa. Superior Ct. 388, 395, 51 A. 2d 418;
 
 Mallory v. Pittsburgh Coal Co.,
 
 162 Pa. Superior Ct. 541, 546, 58 A. 2d 804.
 

 The referee, however, refused any further testimony. Since the testimony that was taken showed that the claimant might be entitled to relief, we must reverse and remand.
 

 The claimant, in his petition to review the supplemental agreement, did not aver the loss of the use of the hand, nor in the testimony taken on April 4, 1945, did he make such a claim.
 

 
 *434
 
 Since the final receipt was executed subsequently to that hearing (the date of execution does not appear), it follows that the claimant may be entitled to relief. Under the terms of §434 he may have a right to set aside the final receipt if, at the date he executed the receipt, he suffered a greater disability than that compensated for by the agreement and receipt:
 
 Schrein v. Fleischmann’s Bakery, Inc.,
 
 148 Pa. Superior Ct. 155, 24 A. 2d 661;
 
 Mallory v. Pittsburgh Coal Co.,
 
 162 Pa. Superior Ct. 541, 58 A. 2d 804.
 

 There is no res judicata. The referee merely determined that on the date the testimony was taken (April 4, 1945), the disability was confined to the left little finger.
 

 That the claimant did not receive justice is patent. In fact, the board’s opinion affirming the referee in refusing relief, states: “We are sympathetic to claimant’s cause as it does not appear that he had a full hearing upon the merits of his claim.”
 

 We express the earnest hope that upon the return of this record to the board, this claimant may receive the justice to which he is clearly entitled.
 

 The judgment is reversed, the record is remitted to the court below, to the end that it may be remanded to the Workmen’s Compensation Board for the taking of testimony and further proceedings consistent with this opinion.
 

 [1]
 

 All notices and copies to which any party shall be entitled under the provisions of this article shall be served by mail, or in such manner as the board shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party’s failure within the prescribed time to assert any right given him by this act: Act of 1939, P. L. 520, 77 PS §717. See
 
 Root v. Dunlop Sons & Co.,
 
 90 Pa. Superior Ct. 96.