Rose, Appellant, *v.* Horn & Hardart Baking Co.

Argued December 12, 1968.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Samuel A. Kagle,* with him *Oscar Brown* and *James J. Thompson,* for appellant.

*David L. Pennington,* for appellees.

OPINION BY SPAULDING, J., March 20, 1969:

This is an appeal by Connie Rose, appellant, from an order of the Court of Common Pleas of Philadel-

phia County remanding a claim to the Workmen's Compensation Board for a determination of the causal relationship between appellant's herniated disc and an accident in which she was involved.

On April 5, 1959, appellant slipped and fell while employed as a waitress by appellee Horn & Hardart Baking Co. In January 1960 these parties entered into an open compensation agreement for total disability which stated that while working appellant "slipped & fell to the floor sustaining a herniation intervertebral disc, & abrasion of left wrist & contusion & hematoma of left knee." On June 22, 1960, appellee filed a petition for review of the agreement under the first paragraph of §413 of the Workmen's Compensation Act, 77 P.S. §771 and a petition to terminate compensation under the second paragraph of §413, 77 P.S. §772. The petition to review alleged that the agreement was incorrect in stating that there was a causal relationship between the accident and the herniated disc. The petition to terminate alleged that appellant's total disability terminated by reason of her refusal to submit to an operation which would correct the condition.

The petition for review of the agreement was never assigned by the board to a referee. However, at the referee's hearings on the petition to terminate compensation, counsel for both parties acknowledged that the issues raised by both petitions were before the referee and the major area of controversy at the hearings was whether the compensation agreement correctly stated that there was a causal connection between the fall and appellant's herniated disc. The referee found for appellant and made a specific finding on causation "[t]hat the accident aggravated a pre-existing condition of a degenerated disc resulting in a herniation of an intervertebral disc at the lumbo sacral innerspace causing nerve root pressure in the lower lumbar spine."

The Workmen's Compensation Board affirmed the referee's award of compensation on appeal. Although the board stated that it adopted the referee's findings of fact, the opinion of the board indicates that it did not pass upon the question of the correctness of the agreement. The board stated, "We have carefully reviewed the entire record and although we might question whether the claimant's herniated disc resulted from an accident on April 23, 1959, we will not terminate her compensation for the reason that she refused an operation to relieve her disability. *It may well be that claimant's accident did not result in a herniated disc, but that question is not before us for determination.*" (Emphasis added.)

On appeal, the court below held that the issue of causality was properly before the board for determination and remanded the case for the board to make findings on this question. The court also upheld the board's determination that appellant's refusal to undergo a back operation was reasonable and that aspect of the case is not presented to us in this appeal.

The evidence presented by appellee on the issue of causality put the correctness of the agreement in issue and the matter was properly before the board for determination. It is of no consequence that only the petition to terminate under the second paragraph of §413 was before the board. The first paragraph of §413 provides that the correctness of an agreement may be reviewed "upon petition filed by either party . . . *or in the course of the proceedings under any petition pending . . . .*" (Emphasis added.) Moreover, in workmen's compensation cases, the particular section of the statute under which the petition is filed is not material and if the evidence justifies relief under any section of the Act, relief may be granted as if the petition had been filed under that section. *Guzik v. Laurel Ridge*

*Cons. Co.*, 196 Pa. Superior Ct. 586, 176 A. 2d 183 (1961); *Davis v. Merck & Co.*, 166 Pa. Superior Ct. 429, 71 A. 2d 818 (1950).

The action taken by the board on the issue of causation is unclear and contradictory. In one portion of its opinion the board states that the findings of the referee, including the finding on causation, are affirmed by the board. In an earlier portion of the opinion the board specifically states that the issue of causation was not passed upon because the question was not before it. Resolution of the issue of causation is a matter for the board and not the Court. Where the board has made contradictory findings or has failed to make necessary findings, the court having jurisdiction of an appeal from the action of the board may remit the record for the board to make additional findings or to clarify its findings. Workmen's Compensation Act, §427, 77 P.S. §877; *Walsh v. Penn Anth. Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51 (1942); *Garrahan v. Glen Alden Coal Co.*, 135 Pa. Superior Ct. 307, 5 A. 2d 437 (1939).

The order of the court below remanding the case to the board was correct. On remand, the board must determine whether appellee has met its burden of showing that the accident did not cause the appellant's disability and that therefore the compensation agreement is incorrect. We note that almost 10 years have elapsed since the occurrence of the accident. This delay is an indictment of procedure.

The order of the court below is affirmed.

---

DISSENTING OPINION BY WRIGHT, P. J.:

This claimant sustained an accidental injury on April 25, 1959. An open compensation agreement was executed wherein the nature of the injury was described, inter alia, as follows: "herniation interverte-

bral disc". On June 22, 1960, the insurance carrier filed a termination petition on the sole ground that claimant had refused to submit to an operation on her back.[1] The effect of this termination petition has been to withhold payment of compensation for over eight years. Since it has been determined that claimant's refusal to undergo surgery was reasonable, there is no justification whatever for continuing this unconscionable delay. The order of the court below should be forthwith reversed, and the Board's award reinstated and affirmed.

WATKINS, J., joins in this dissenting opinion.

---

[1] The majority opinion refers to a petition for review on the issue of causal relationship. No petition for review appears in the Board's docket entries, and no such petition was referred to the Referee. The agreement itself constitutes an admission that claimant's disability resulted from the injury: *Fehr v. Y.M.C.A., Pottsville*, 201 Pa. Superior Ct. 107, 192 A. 2d 143.